IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40139
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENDERSON M. GLOVER, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-972-1
--------------------
November 7, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Henderson M. Glover, III, appeals from his conviction of and
sentence for conspiring to possess with intent to distribute
marijuana and possessing with intent to distribute marijuana.
Glover contends that the Government placed false information in
the criminal complaint against him; that the Government failed to
disclose inculpatory statements; that the evidence was
insufficient to support his conviction; and that his offense
level should have been reduced for his minor role in the offense.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Glover failed to challenge the criminal complaint in a pretrial motion to dismiss the indictment. He has waived any defect in the criminal complaint, and his contention is unreviewable. *See United States v. Smith*, 890 F.2d 711, 715 (5th Cir. 1989); FED. R. CRIM. P. 12(b)(1).

The criminal complaint alleged the inculpatory statement that Glover alleges was not disclosed. His nondisclosure contention is without a factual basis.

Glover drove a pickup truck across the border, a pickup with marijuana secreted in hidden compartments inside the gas tank. His implausible story, his statements to federal authorities, the observations of the authorities, documents in the pickup bearing his name with bogus addresses, and the inability of agents to contact individuals Glover identified as relatives in Texas indicated Glover's knowledge of contraband. *See United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). The jury could have found beyond a reasonable doubt from the evidence all of the elements of possession with intent to distribute and the elements of drug conspiracy. *See United States v. Velgar-Vivero*, 8 F.3d 236, 241 (5th Cir. 1993); *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989).

The district court did not err by declining to adjust Glover's offense level for minor participation. Glover traveled around Mexico; drove the marijuana into Texas; and acknowledged to the probation officer that he knew that the pickup contained drugs. *See* U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.3.

AFFIRMED.